# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-5165**                    **September Term, 2024**

**1:25-cv-00425-SLS**

**Filed On:** July 3, 2025

Susan Tsui Grundmann,

      Appellee

      v.

Donald J. Trump, in his official capacity as
President and Colleen Duffy Kiko, in her
official capacity as chairman of the Federal
Labor Relations Authority,

      Appellants


**BEFORE:**    Katsas, Rao, and Walker, Circuit Judges

## O R D E R

Upon consideration of the motion for stay pending appeal, the opposition thereto, and the reply, it is

**ORDERED** that the administrative stay entered on June 18, 2025, be dissolved. It is

**FURTHER ORDERED** that the motion for stay pending appeal be granted. This appeal presents the question whether the President may remove members of the Federal Labor Relations Authority without cause. A federal statute bars such removals absent inefficiency, neglect of duty, or malfeasance. 5 U.S.C. § 7104(b). Earlier this year, the President nonetheless removed FLRA member Susan Tsui Grundmann without determining whether the statutory removal standard was met. Grundmann sued, and the district court declared that the removal was unlawful and enjoined various defendants from effectuating it. Grundmann v. Trump, 770 F. Supp. 3d 166, 179–90 (D.D.C. 2025). The government appealed that ruling and moved for a stay pending appeal. It contends that the statutory removal restriction violates Article II of the Constitution.

In analogous removal cases involving the National Labor Relations Board and the Merit Systems Protection Board, the Supreme Court stayed orders similar to the one at issue here. See Trump v. Wilcox, 145 S. Ct. 1415 (2025) (per curiam). The Court did so based on its conclusions that the NLRB and MSPB "exercise considerable

executive power" and that "the Government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being unable to perform her statutory duty." Id. at 1415. The Supreme Court's reasoning fully applies to the FLRA, which possesses powers substantially similar to those of the NLRB. Compare 5 U.S.C. § 7104 et seq., with 29 U.S.C. § 153 et seq.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Selena R. Gancasz
Deputy Clerk